1   JOHN M. SORICH (CA Bar No. 125223)
    john.sorich@piblaw.com
2   BRYANT DELGADILLO (CA Bar No. 208361)
    bryant.delgadillo@piblaw.com
3   DAVID M. LIU (CA Bar No. 216311)
    david.liu@piblaw.com
4   PARKER IBRAHIM & BERG LLC
    695 Town Center Drive, 16th Floor
5   Costa Mesa, California 92626
    Tel:  (714) 361-9550
6   Fax: (714) 784-4190

7   Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHEN DISTRICT OF CALIFORNIA

11

12  ANA ALVAREZ,                          | CASE NO.: _____

13            Plaintiff,                  | JUDGE:

14                                         | **NOTICE OF REMOVAL OF**
    v.                                     | **ACTION UNDER 28 U.S.C. §§**
15                                         | **1332(a), 1441(a), (b), 1446**
16  MTC FINANCIAL, INC, TRUSTEE
    CORPS, JPMORGAN CHASE BANK,  | [San Mateo County Superior Court,
17  and DOES 1 through 45, Inclusive,     | Case No. 16CIV01585]

18            Defendants.                 | [*Request for Judicial Notice filed
                                           | concurrently herewith*]
19

20

21                                         | **ACTION FILED:**   September 26,
22                                         | 2016

23

24         **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL**

25  **PARTIES AND THEIR ATTORNEYS OF RECORD:**

26         **PLEASE TAKE NOTICE** that defendant JPMorgan Chase Bank, N.A.

27  ("Chase") removes to this Court the action described below from the Superior Court

28  of the State of California, County of San Mateo.

2115390_1
                                      1

## I.      BACKGROUND

1.      Plaintiff Ana Alvarez ("Plaintiff") filed an action in the Superior Court of the State of California, County of San Mateo, styled *Ana Alvarez, v. MTC Financial Inc., et al.*, Case No. 16CIV01585, on September 26, 2016 ("State Court Action").

2.      Chase was personally served with Plaintiff's complaint on October 4, 2016.

## II.     BASIS FOR REMOVAL

3.      The State Court Action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1332(a), and is one that may be removed to this Court by Chase pursuant to 28 U.S.C. § 1441(a) and (b), and the procedures set forth in 28 U.S.C. § 1446.

4.      Section 1332(a) provides the district courts with "original jurisdiction" over matters based on diversity of citizenship.  Section 1441 (a) states any civil action brought in State court where the district courts have original jurisdiction may be removed.   Section 1441(b) sets the parameters for removing under diversity jurisdiction.

### Diversity Jurisdiction

5.      Plaintiff alleges the subject property is located at 270 Beachview Avenue, #14, Pacifica, California 94044 ("Property").  *See* Complaint, ¶ 9, attached as Exhibit 1 to Chase's Request for Judicial Notice ("RJN").  Plaintiff resides in San Mateo, California.  *See* Complaint, ¶ 9.  Thus, Plaintiff is considered a citizen of California for purposes of diversity.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State.").  Plaintiff specifically alleges that the "Plaintiff, Ana Alvarez, (hereinafter referred to as Plaintiff), is, and all times mentioned herein, an individual over the age of eighteen residing in the County of San Mateo, State of California."  *See* Complaint, ¶ 9.  Based on that allegation, Plaintiff is a resident of the

State of California.  *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return").

6.     Chase is a national bank.  Chase's main office is located in Columbus, Ohio and Chase is a citizen of Ohio.  *See* Chase's RJN, Ex. 2.  "We conclude that, under 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located.  Hence, the district court had diversity jurisdiction because there was complete diversity between the Rouses, citizens of California, and Wells Fargo, a citizen of South Dakota." *Rouse v. Wachovia Mort.,* FSB, 747 F.3d 707, 709 (9th Cir. 2014).

7.     Defendant MTC Financial, Inc. dba Trustee Corps ("MTC"), is a California corporation acting as the trustee under the subject deed of trust.  However, MTC is the trustee under the terms of the subject Deed of Trust which encumbers the subject property.  Thus, MTC is the acting trustee and records statutory foreclosure notices on behalf of Chase, the beneficiary of the subject loan.  As a nominal party, MTC's citizenship is disregarded.  *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc*., 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of nominal ... parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant") (quotations omitted).  Moreover, MTC filed a Declaration of Non-Monetary Status on October 31, 2016 in the State Court Action.  By filing a Declaration of Non-Monetary Status, MTC's citizenship is disregarded because it is a nominal party.  *See Hafiz v. Greenpoint Mortgage Funding, Inc*., 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009), *aff'd sub nom. Hafiz v. Greenpoint Mortgage Funding*, 409 F. App'x 70 (9th Cir. 2010) ("First, Quality was not required to appear in this action as it was named in the complaint solely in its capacity as a trustee and not because of any wrongdoing. When a trustee under a deed of trust files a declaration of non-monetary status, the

1  party is transformed into a 'nominal' party, thus excusing it from participating in the

2  action.").

3      8.    Diversity of citizenship is present here because Plaintiff resides in San

4  Mateo, California.  Chase's main office location is in the State of Ohio.  MTC's

5  citizenship is disregarded because it is a nominal party.

6      9.    No consent to the removal is necessary as to Does 1 through 45, because,

7  upon information and belief, these defendants have not been served or appeared in the

8  action to date.

9  <center>**Amount in Controversy**</center>

10     10.   This matter meets the amount in controversy threshold.  When the

11  primary purpose of a lawsuit is to enjoin a bank from selling, transferring, or

12  foreclosing on property, then the property, and its value, is the object of the litigation.

13  *See Garfinkle v. Wells Fargo* Bank, 483 F.2d 1074, 1076 (9th Cir. 1973).  Further,

14  where the crux of the litigation involves property rights, it is the property value or loan

15  amount that determines the amount in controversy.  *See Ngoc Nguyen v. Wells Fargo*

16  *Bank, N.A.*, 749 F. Supp. 2d 1022, 1028-29 (N.D. Cal. 2010).

17     11.   Here, the value of the Plaintiff's subject loan has a face value of

18  $600,000.00 pursuant to the deed of trust securing the Property.  *See* Ex. A. to Compl.

19  Moreover, the Notice of Trustee's Sale, recorded on July 20, 2016, shows a balance

20  owing of $814,966.08.  *See* Chase's RJN, Ex. 3.  Hence, the Property's value and the

21  amount in dispute exceed the amount in controversy.

22  **III.   PROCEDURAL COMPLIANCE**

23     12.   A notice of removal must be filed within "thirty days after receipt by the

24  defendant . . . of a copy of an amended pleading, motion, order or other paper from

25  which it may first be ascertained that the case is one which is or has become

26  removable." 28 U.S.C. § 1446(b).

27

28

13.     This Notice of Removal was timely filed within thirty days of October 4, 2016, the day on which Chase was personally served with a copy of Plaintiff's complaint.

14.     The State Court Action was pending before the Superior Court for the State of California, County of San Mateo.  Since this Court is the United States District Court for the district and division embracing the place where the original action was filed, it is the appropriate Court for removal under 28 U.S.C. Section 1446.

15.     Pursuant to 28 U.S.C. Section 1446(a), attached as Ex. 1 to the RJN are copies of "all process, pleadings, and orders served upon" Chase.  A copy of this notice will be served on all parties of record and will be filed with the Clerk of the Superior Court for the County of San Mateo.

16.     Chase expressly reserves its rights to raise all defenses and objections to Plaintiff's claims after the action is removed to the above-entitled Court.  By filing this Notice of Removal, Chase does not waive any defenses that may be available to it.

## IV.     <u>CONCLUSION</u>

Wherefore, Chase respectfully requests this Court make any and all orders necessary to effect the removal of this case from the Superior Court for the State of California, County of San Mateo, to this Court, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Superior Court for the State of California, County of San Mateo.

DATE:  November 2, 2016              PARKER IBRAHIM & BERG LLC


BY:            */S/ DAVID M. LIU*
              JOHN M. SORICH
              BRYANT DELGADILLO
              DAVID M. LIU
              Attorneys for Defendant
              JPMORGAN CHASE BANK, N.A.