UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA ALVAREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MTC FINANCIAL INC., et al.,<br><br>    Defendants. | Case No. 3:16-cv-06428-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 38 |

**INTRODUCTION**

After I dismissed eight of the ten causes of action in her original complaint with leave to amend, Dkt. No. 24, plaintiff Ana Alvarez filed a first amended complaint against defendants MTC Financial, Inc. dba Trustee Corps ("MTC") and JPMorgan Chase Bank ("Chase") reiterating the same claims arising from the defendants' failure to contact her prior to pursuing foreclosure of her residence. No foreclosure sale of the property has occurred. The amended complaint is very much like the original. Chase now moves to dismiss her claims other than her first claim under the Homeowners Bill of Rights and her second claim under Civil Code section 2923.5. Ms. Alvarez did not appear for the hearing.[1] Because her amended complaint fails to adequately address the deficiencies I previously identified, Chase's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND. The remaining two claims survive.

**BACKGROUND**

On June 26, 2007, Alvarez obtained a $600,000.00 loan from Chase secured by a deed of trust ("DOT") for the real property 270 Beachview Avenue, #14, Pacifica, California 94044. First

---

[1] Ms. Alvarez also failed to appear at the prior hearing, and for court-ordered telephone conferences with the Court's ADR Unit.

Am. Compl. ¶ 17 ("FAC")(Dkt. No. 36); *see also* Def.'s Request for Judicial Notice (RJN), Ex. 1 (Dkt. No. 38-2).[2] She filed for bankruptcy on November 4, 2011; March 21, 2016; and September 6, 2016. RJN Exs. 5, 6, 7 (Dkt. Nos. 38-6, 38-7, 38-8).

On June 26, 2015, MTC was substituted as the trustee under the DOT. FAC ¶ 22; RJN, Ex. 2 (Dkt. No. 38-3). On July 10, 2015, MTC issued and recorded a Notice of Default and Election to Sell ("NOD"). FAC ¶ 24; RJN, Ex. 3 (Dkt. No. 38-4). The NOD documented the amount of default as $39,067.37. RJN, Ex. 3. MTC recorded a Notice of Trustee's Sale ("NOTS 1") on October 16, 2015, with a sale scheduled for November 30, 2015. FAC ¶ 27; *see also id.*, Ex. D.[3] The amount of default was estimated to be $794,226.58. *Id.*, Ex. D.

MTC recorded another Notice of Trustee's Sale ("NOTS 2") on February 11, 2016. FAC ¶ 28; *see also id.*, Ex. E.[4] The NOTS 2 identified the amount of debt as $808,659.89 and set the trustee's sale for March 21, 2016. FAC, Ex. E. On July 19, 2016, MTC issued a third Notice of Trustee's Sale ("NOTS 3"). RJN, Ex. 4 (Dkt. No. 38-5). The NOTS 3 indicated the estimated total amount due of $814,966.08, and set a sale date of August 18, 2016. RJN, Ex. 4. Foreclosure sale of the property has not occurred. Mot. at 8 (Dkt. No. 38).

On September 26, 2016, Alvarez filed this action in California Superior Court, County of

---

[2] Chase requests the court to take judicial notice of: (1) the 2007 Deed of Trust (RJN, Ex. 1, Dkt. No. 38-2); (2) 2015 Substitution of Trustee (RJN, Ex. 2, Dkt. No. 38-3); (3) 2015 Notice of Default and Election to Sell Under the Deed of Trust (RJN, Ex. 3, Dkt. No. 38-4); (4) the July 2016 Notice of Trustee's Sale (RJN, Ex. 4, Dkt. No. 38-5); (5) the 2011 Chapter 7 Bankruptcy Petition (RJN, Ex. 5, Dkt. No. 38-6); (6) the March 2016 Chapter 13 Bankruptcy petition (RJN, Ex. 6, Dkt. No. 38-7); and (7) the September 2016 Chapter 13 bankruptcy petition (RJN, Ex. 7, Dkt. No. 38-8). Plaintiff submits no objection to the request. Under Federal Rules of Evidence 201, a court may take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice of public records is appropriate, *United States v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008), and defendant's request is GRANTED.

[3] Neither party requested judicial notice of this NOTS, but plaintiff attached it to her complaint. On a motion to dismiss, the court may consider documents attached to the Complaint. *Roth v. Garcia Marquez*, 942 F.2d 617, 625 (9th Cir. 1991).

[4] Neither party requested judicial notice of this NOTS, but plaintiff attached it to her complaint. On a motion to dismiss, the court may consider documents attached to the Complaint. *Roth v. Garcia Marquez*, 942 F.2d 617, 625 (9th Cir. 1991).

2

San Mateo. NOR ¶ 1 (Dkt. No. 1). MTC filed a Declaration of Non-Monetary Status, thus excusing it from participating in this suit. *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009), *aff'd sub nom. Hafiz v. Greenpoint Mortg. Funding*, 409 F. App'x 70 (9th Cir. 2010)("When a trustee under a deed of trust files a declaration of non-monetary status, the party is transformed into a 'nominal' party, thus excusing it from participating in the action."). Chase then removed based on diversity of citizenship, and MTC's status as a nominal party.[5] NOR ¶¶ 7–8. Chase moved to dismiss on November 10, 2016, Dkt. No. 8, and I granted the motion, except as to Alvarez's claims under the HBOR and California Civil Code section 2923.5, for which I requested additional information from Chase. *See* Order Regarding Defendants' Motion to Dismiss at 13:8–16 ("Prior Order")(Dkt. No. 24). Chase filed a declaration in accordance with the Prior Order describing its efforts to comply with Section 2923.55. Liu Decl. (Dkt. No. 35). It concluded that it was unable to confirm that it had sent a certified letter to plaintiff, as required by the due diligence standard of California Civil Code section 2923.5(e), and so it "withdr[ew] its Motion with respect to the first claim for alleged violation of the Homeowner's Bill of Rights and second claim for alleged violation of Civil Code § 2923.5." Liu Decl. ¶ 8.

Ten days later, Alvarez filed her first amended complaint ("FAC")(Dkt. No. 36), repeating the same ten claims: (1) violation of the Homeowners Bill of Rights ("HBOR"), FAC ¶¶ 44–53; (2) violations of California Civil Code § 2923.5, *id*. ¶¶ 54–59; (3) negligence, *id*. ¶¶ 60–72; (4) declaratory relief, *id*. ¶¶ 73–84; (5) fraud in the concealment, *id*. ¶¶ 85–107; (6) intentional infliction of emotional distress, *id*. ¶¶ 108–120; (7) slander of title, *id*. ¶¶ 121–130; (8) quiet title, *id*. ¶¶ 131–138; (9) recission [sic] against defendant Chase, *id*. ¶¶ 139–143; (10) injunctive relief, *id*. ¶¶ 144–157.

---

[5] A nominal party's citizenship is not considered for purposes of diversity jurisdiction. *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)("We will ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.").

3

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While a complaint "need not contain detailed factual allegations" to survive a Rule 12(b)(6) motion, "it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In considering whether a claim satisfies this standard, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marines Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted). A court may "reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

# DISCUSSION[6]

Chase moves to dismiss all claims, other than Alvarez's claim under the HBOR[7] and California Code section 2923.5.[8]

---

[6] In the Prior Order, I stated the following:

> Alvarez contends that defendants "executed fraudulent real estate documents," and unlawfully substituted Trustee Corps as Trustee under the deed of trust. Opp'n at 3; *see also* Compl. ¶¶ 60, 67. She challenges the validity of the underlying debt and claims that the NOD was defective and unlawfully executed. Opp'n at 7. She also alleges that the NOTS is false because "it fails to properly credit Plaintiff for the payments made under the written loan agreement and therefore overstates the amount of Plaintiff's default." Opp'n at 4. She claims that it also "did not properly describe Plaintiff's real property." *Id*. California Civil Code Section 2924.17 requires a notice of default, recorded by a mortgage servicer, be "accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17. But plaintiff fails to substantiate her claims that (1) the substitution was unlawful, (2) Chase failed to properly credit her payments on the loan; and (3) the NOD inaccurately described the real property. If plaintiff intends to state a claim under section 2924.17, on amendment she must support her claims with factual allegations.

Prior Order at 5 n.5. Alvarez has repeated these allegations without further substantiation. *See* FAC ¶¶ 93–97.

[7] The HBOR, which took effect on January 1, 2013, requires:

> (a) A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to 2923.55, a notice of default, notice of sale, assignment of deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence.
>
> (b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and information.

Cal. Civ. Code § 2924.17.

[8] Under California Civil Code Section 2923.55, a mortgage servicer cannot record a notice of default until 30 days after it has contacted the borrower "in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.55. Chase admitted that, despite numerous attempts to contact plaintiff by phone, it was unable to locate any record of a certified letter sent to plaintiff. Liu Decl. ¶ 8. It therefore withdrew its motion to dismiss plaintiff's claims under the HBOR and section 2923.5. *Id*. Plaintiff re-alleges these claims in her amended complaint, and includes a

5

## I. JUDICIAL ESTOPPEL

Alvarez repeats her allegations that defendants lack standing to foreclose because they have no security interest in her property due to unlawful transfers and/or assignments of the Promissory Note and Deed of Trust. FAC ¶¶ 30–32; *see also id*. ¶¶ 37–41. Alvarez claims that the defendants "do not have lawful ownership or a security interest in Plaintiff's real property." FAC ¶ 37. As with its first motion, Chase argues that Alvarez should be judicially estopped from asserting that the defendants do not have an interest in the loan because she acknowledged Chase's interest in documents filed in the bankruptcy proceedings. Mot. at 9. I previously held that judicial estoppel was unnecessary because the judicially noticed DOT clearly identifies JPMorgan Chase Bank, N.A. as the lender. RJN, Ex. 1 (Dkt. No. 38-2). While recognizing Chase's desire to preserve its judicial estoppel argument, the Prior Order addressed the issue. Chase holds a valid interest in the property, and Alvarez has not shown otherwise.

## II. NEGLIGENCE

"To state a cause of action for negligence, a plaintiff must allege that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013). Alvarez alleges that "there is a special relationship between Plaintiff and JP MORGAN CHASE BANK by the virtue of contractual agreement referenced above in which JP MORGAN CHASE BANK owe [sic] a duty to exercise the proper skill and care in handling matter [sic] concerning Plaintiff's real property including but limited to [sic] properly crediting Plaintiff for money Plaintiff had paid on the mortgage, recording of the notice of default, recording assignment of deed of trust and the Trustee's deed upon sale." FAC ¶ 62. She also states that "had Defendants used proper skill and care in the handling of Plaintiff's

---

request for "general and special damages," as well as "treble damages." FAC ¶¶ 52–53; see also *id*. ¶ 58–59 (seeking monetary damages, emotional distress damages, cost of suit, and reasonable attorneys' fees). But, prior to a foreclosure sale, the only remedy for violation of these provisions is "postponement of [the] foreclosure sale until there has been compliance with the statute." *Davis v. Nationstar Mortg., LLC*, 2016 WL 7178466, at *7 (E.D. Cal. Dec. 9, 2016); *accord Mabry v. Superior Court,* 185 Cal. App. 4th 208, 223 (2010). Accordingly, plaintiff is not entitled to damages on these claims, but to the extent that she seeks injunctive relief under these provisions, *see* FAC ¶¶ 144–157, that relief is appropriate.

6

matter, Plaintiff would not have suffered emotional distress[.]"[9] FAC ¶ 63. She contends that defendants breached their duty to her "when they maliciously and fraudulently, recorded notice of default and Notice of Trustee's Sale and assignment instrument that contained false information and thereby causing Plaintiff's home … to go into foreclosure." FAC ¶ 70.

But "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991). Alvarez again fails to adequately allege a plausible basis for finding a duty here.[10] While a lender may have a duty of care under some circumstances, *e.g.*, *Martinez v. Flagstar Bank*, 2016 WL 3906810, No. 15-cv-01934-KJM, at *7 (E.D. Cal. July 18, 2015)(finding a duty where a lender reviews a borrower's application for a loan modification), plaintiff has not adequately alleged those circumstances here. The negligence claim is DISMISSED WITHOUT LEAVE TO AMEND.

### III. FRAUD IN THE CONCEALMENT

Alvarez contends that defendants concealed that her loan was securitized, and unlawfully substituted the trustee under the DOT. FAC ¶¶ 88–90. "To be liable for fraudulent concealment under California law, (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Song Fi, Inc. v. Google, Inc.*, No. C 14-5080 CW, 2016 WL 1298999, at *7 (N.D. Cal. Apr. 4, 2016)(quotation marks omitted). "A duty may arise

---

[9] Plaintiff argues for negligence per se for HBOR violations, Compl. ¶ 66–68, but "[t]he doctrine does not provide a private right of action for violation of a statute." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285 (2006). In other words, it does not provide a duty of care, but may establish a relevant *standard* when a duty already exists. *Id*. at 1285–86.

[10] To the extent her negligence claim is based on fraud, plaintiff fails to meet the particularity requirements for allegations of fraud. *See* Fed. R. Civ. P. 9(b).

7

where there is a fiduciary or confidential relationship, where a defendant does not disclose facts that materially qualify a separate disclosure or render that disclosure likely to mislead, where a defendant knows that facts not reasonably discoverable by the plaintiff are only known or accessible to the defendant, and where a defendant actively conceals discovery from the plaintiff." *Id*.

As previously stated, plaintiff's claims based on fraud or mistake are subject to a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). Plaintiff states that she "just learn [sic] about Defendants' misrepresentation and concealment of material fact concerning Plaintiff's Note," and defendants "[f]ail[ed] to provide a Mortgage Loan Origination Agreement[.]" FAC ¶¶ 141–42. These allegations appear for the first time under her claim for rescission. She also states that defendants "promised Plaintiff that Plaintiff is entitled to a loan modification and subsequently Rejected said offer of loan modification." *Id*. ¶ 102. But she offers no additional information regarding a purported loan modification, and in her opposition, she provides no clarification on that or the circumstances surrounding the securitization. *See* Opp'n at 12. Her allegations are insufficient to meet the heightened pleading standards under FRCP 9(b). *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003)("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.").

Since Plaintiff fails to meet the particularity requirement of Rule 9(b), her fraud claim is DISMISSED.

### IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

"The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. …Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Wilson v. Hynek*, 207 Cal. App. 4th 999, 1009 (2012)(internal quotation marks and citations omitted).

Plaintiff once again alleges that she "did not default in the manner stated in the Notice of

Default," *id*. ¶ 118, but she fails to explain precisely what this means. As previously noted, "the facts here establish a 'creditor/debtor situation, whereby defendants were exercising their rights under the loan agreements.'" Prior Order at 10 (quoting *Wilson*, 207 Cal. App. 4th at 1009). In the absence of any plausible allegations of extreme or outrageous conduct, her claim for intentional infliction of emotional distress fails.

## V. SLANDER OF TITLE

"[S]lander or disparagement of title occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes the owner thereof some special pecuniary loss or damage." *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999, 1030. The tort requires "(1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss." *Id.* I previously held that plaintiff's slander of title claim must be dismissed because defendant's act of recordation was privileged under California Civil Code section 47(c)(1).[11] Prior Order at 10. I further stated that "[o]nly an 'express finding of lack of good faith, or of actual malice ... destroy[s] the privilege or justification.'" *Id.* at 11 (quoting *Gudger v. Manton*, 21 Cal. 2d 537, 545 (1943)). Plaintiff includes only conclusory allegations that defendants "published [the documents] with the malicious intent to injure Plaintiff[,]" but this is insufficient to state a claim. *Cf. Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 975 (N.D. Cal. 2012)(" Plaintiffs allege with some force the apparent falsity of Defendants' four publications.") The slander of title claim is dismissed.

## VI. QUIET TITLE

Alvarez seeks to quiet title to her real property based on her allegation that defendants have no interest in the property. FAC ¶ 134. Plaintiff has not cured the deficiencies identified in the Prior Order, so her claim for quiet title is DISMISSED WITHOUT LEAVE TO AMEND. *See* Prior Order at 11–12 ("Alvarez does not allege that she has cured any default or paid the loan in

---

[11] "Any statutorily required mailings, publication, and delivery of notices in connection with a non-judicial foreclosure, and the performance of any statutory procedures by a trustee and beneficiary, are privileged communications under the qualified, common-interest privilege of California Civil Code Section 47, subdivision (c)(1)." *Ismail v. Wells Fargo Bank, N.A.*, 2013 WL 930611, at *6 (E.D. Cal. Mar. 8, 2013)(internal quotation marks omitted).

9

full, the latter of which would be required to quiet title to the property.").

## VII. RESCISSION

Alvarez again seeks rescission of her underlying loan agreement. In the Prior Order, I stated that "[i]f Alvarez 'intends to seek rescission, she must state a claim for which rescission could be granted and plead for such relief as a remedy for that claim.'" Prior Order at 12 (quoting *Davis*, 2016 WL 7178466, at *13). Plaintiff added an allegation that she "is entitled to rescind the loan … for … 1) Violation of California Homeowner Bill of Rights; 2) Failure to provide a Mortgage Loan Origination Agreement; 3) Fraudulent Concealment; 4) Fraudulent Inducement; 5) failure to abide by California non-judicial foreclosure laws; 6) making illegal or fraudulent transfers of the note and deed of trust; and 5) [sic] Public Policy Grounds[.]" FAC ¶ 141. If she had adequately alleged a claim for fraudulent concealment, she may have been entitled to rescission.[12] But she did not, and the other grounds she lists do not justify rescinding the underlying loan agreement. *See* Cal. Civil Code § 1689.

## VIII. DECLARATORY RELIEF

Alvarez repeats her allegation that "an actual controversy … exists between Plaintiff and Defendants concerning their respective rights and duties regarding the Note and Trust Deed." FAC ¶ 74. She once again seeks a determination of (1) "the validity of the Trust Deeds as of the date the Notes were assigned without a concurrent assignation of the underlying Trust Deeds[,]" (2) "the validity of the Notice of Default[;]" and (3) "whether any Defendants have authority to foreclose on the real Property." FAC ¶¶ 78–80. She also requests a declaration that "plaintiff is entitled to exclusive possession of the real property[,]" and defendants have no interest in it. *Id*. ¶¶ 82–84. "Declaratory relief is not an independent claim, rather it is a form of relief." *Santos v. Countrywide Home Loans*, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009). Since the declarations that plaintiff seeks are determinations necessary to resolve her other causes of action, declaratory relief is not appropriate. *See Davis*, 2016 WL 7178466, at *14 (dismissing plaintiffs'

---

[12] Although she may still be barred by the four-year statute of limitations. *See* Cal. Civ. Proc. Code § 337(3)("Where the ground for rescission is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake.").

claim for declaratory relief).

## CONCLUSION

Since Alvarez has failed to address the deficiencies identified in the Prior Order, Chase's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND. The third through tenth causes of action are dismissed with prejudice. The first and second causes of action under the Homeowners' Bill of Rights and California Civil Code section 2923.5 survive.

**IT IS SO ORDERED.**

Dated: May 9, 2017

William H. Orrick
United States District Judge